UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 13, 2005[*]
Decided December 14, 2005

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-1744

| | |
|---|---|
| FIONA FENG CHEN, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 03 C 3928 |
| NORTHWESTERN UNIVERSITY, *Defendant-Appellee.* | David H. Coar, *Judge.* |

**O R D E R**

Fiona Chen sued her former employer, Northwestern University, for race and national origin discrimination in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000 et seq.; age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq.; and disability discrimination and failure to accommodate a disability under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. She alleged that she was discriminated

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

against when Northwestern failed to accommodate her disability, failed to promote her, and ultimately terminated her. The district court granted summary judgment for the defendants, and we affirm.

Chen is a native of Taiwan. In 1999, when she was 44 years old, she interviewed for an assistant accounting position in Northwestern's Office of Clinical Research and Training ("OCRT"). Though she was not hired for that position, OCRT hired her later that year as a "Technical Software Specialist," a unique position specifically created for her. This job required significant computer use, and within a year Chen began to complain of arm and wrist pain. In December 2000 and January 2001 Northwestern denied her requests for accommodation that included assistance from a secretary or a transfer to a position with secretarial support. But Northwestern allowed her intermittent leave and modified her duties so that less time was spent on the computer. By April 2001 Northwestern could no longer assign modified work because none was available. Chen returned to her computer-related assignments, and Northwestern provided her with an ergonomic keyboard recommended by her doctors and granted her intermittent leave under the Family and Medical Leave Act so that she could take periodic 20-minute breaks.

In August 2001 Northwestern re-organized OCRT, cutting its budget and eliminating three staff positions including Chen's. Nobody was hired to replace her. Pursuant to Northwestern's seniority system for layoffs, Chen was offered a less-senior position without a pay cut; the position required substantial clerical and computer work. Chen conditionally accepted, provided that she not be required to work more than three hours per day on the computer, but because this would prevent her from performing the essential functions of the job, Northwestern declined her conditional acceptance and she was laid off in November 2001.

Chen filed charges with the EEOC in December 2001 but she did not file suit within 90 days of receiving her right-to-sue letter. In May 2002 she again filed charges with the EEOC, and this time she timely sued in the district court, alleging Northwestern discriminated against her on the basis of race, national origin, age, disability, and retaliation, by terminating her employment, failing to promote her to a financial analyst position, and failing to accommodate her requests for limited computer-related duties.

The district court, in a thorough 38-page decision, granted Northwestern's motion for summary judgment. First, the district court found that all allegedly discriminatory acts occurring before July 28, 2001 (300 days before her EEOC filing on May 24, 2002) were time-barred, and that she could not show a continuing violation because she did not provide evidence that Northwestern's actions were sufficiently frequent or related. The court found that Chen failed to establish a prima facie case of wrongful termination or retaliation because she introduced no

evidence suggesting that she was treated differently than similarly situated employees. The district court also rejected her failure-to-hire and failure-to-promote claims because Chen did not present evidence that she was qualified or even applied for the financial analyst position at issue. Finally the court granted summary judgment on Chen's failure-to-accommodate and disability claim because she did not show that she could perform the essential functions of the job with or without a reasonable accommodation.

Chen's discursive brief on appeal raises twenty-two arguments attacking the district court's reasons for granting summary judgment against her, but none of these arguments require us to reverse the district court's well-reasoned decision. For instance, she generally challenges the district court's determination that her discrimination claims based on events occurring prior to July 28, 2001 were time-barred. As the district court properly explained, however, claims under Title VII, ADEA, and the ADA must be brought within 300 days of the alleged unlawful employment practice, *Stepney v. Naperville Sch. Dist.*, 392 F.3d 236, 239 (7th Cir. 2004); *Flannery v. Recording Indus. Ass'n. of America*, 354 F.3d 632, 637 (7th Cir. 2004), and here the district court properly refused to consider events that occurred outside the 300 day period prior to her May 2002 EEOC filing. Chen argues that the district court should have considered claims based on her December 2001 EEOC filing, but she waived those claims because she did not bring suit within 90 days of receiving that right-to-sue letter. *See Dandy v. United Parcel Serv., Inc.*, 388 F.3d 263, 270 (7th Cir. 2004). The district court also correctly found that the allegedly discriminatory actions were not sufficiently frequent or related to her termination to constitute a continuing violation. *See Tinner v. United Ins. Co. of America*, 308 F.3d 697, 708 (7th Cir. 2002). As for Chen's other arguments that the district court improperly refused to consider events outside the 300-day filing period, she waived these arguments by not raising them before the district court. *See Bishop v. Gainer*, 272 F.3d 1009, 1015 (7th Cir. 2001).

Most of Chen's remaining arguments appear to contend that the district court failed to address certain claims or evidence. But the district court thoughtfully addressed all of Chen's discrimination theories, and Chen has not explained how any particular evidence overlooked by the court raised disputed issues of material fact.

Finally, Chen asserts with little elaboration that the district court erred in finding that she had not established a prima facie case of discrimination under the indirect method of proof; she contends that the court wrongly classified her position as "unique" and found no other employees similarly situated. Indeed, to prove a prima facie case of discrimination, the plaintiff must demonstrate that other similarly situated employees who were not members of the protected class were treated more favorably. *See Michas v. Health Cost Controls of Illinois*, 209 F.3d

687, 693 (7th Cir. 2000).  Here Chen has not pointed to any evidence in the record to disturb the district court's finding that OCRT has never hired anyone other than Chen for a comparable "software specialist" position.  Even if Chen had characterized Northwestern's restructuring as a mini-reduction-in-force, in which her position was not permanently eliminated but instead her work load was assumed by others, she would have needed to prove that her duties were absorbed by employees who were not members of her protected class, *see id*.  But she did not raise this theory or meet this burden of proof.

AFFIRMED.